# In the United States Court of Federal Claims

No. 25-1979
(Filed:  December 2, 2025)

```
* * * * * * * * * * * * * * **    *
                                 *
G2 OPS, INC.,                    *
                                 *
          Plaintiff,             *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
          Defendant,             *
                                 *
     and                         *
                                 *
AMAZON WEB SERVICES, INC.,       *
                                 *
          Defendant-Intervenor.  *
                                 *
  * * * * * * * * * * * * * * * *  *
```

### ORDER

On November 19, 2025, Plaintiff filed a notice of a directly related case in this matter, asserting that this case is directly related to *G2 Ops, Inc. v. United States*, No. 25-1955.  *See* ECF No. 7.  According to Plaintiff, these protests "involve the same contract" and challenge similar agency determinations.  *Id.* at 1.  The Court ordered the parties in both protests to provide their opinions on whether consolidation is proper, and both the government and Plaintiffs agreed that it is.  *See* ECF No. 13; ECF No. 33, *G2 Ops, Inc. v. United States*, No. 25-1955 (Fed. Cl. Nov. 25, 2025).  Furthermore, the Court has reviewed the determination and findings for the stay override ("D&F") in both cases to get a sense of the factual overlap between the cases.  *See* ECF No. 21; ECF No. 34, *G2 Ops, Inc.*, No. 25-1955.

Per Rule 40.2 of the Rules of the U.S. Court of Federal Claims ("RCFC"), cases are directly related when "they involve the same parties and are based on the same or similar claims . . . ."  This protest and Plaintiff's first protest involve the same parties, though different defendant-intervenors, similar claims are raised in both suits, both arise out of a Joint Warfighting Cloud Capability contract, and the reasons given for the stay overrides in the D&Fs at issue are substantially similar.  When cases are directly related, "the court *may* . . . consolidate the actions . . . ."  RCFC 42(a)(2) (emphasis added).  Moreover, the Court "can consolidate

related cases . . . *sua sponte*," or in other words, without a motion from either party. *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *see also Flores v. United States*, No. 11-110C, 2011 WL 1457142, at *3 (Fed. Cl. Apr. 8, 2011) ("A court may consolidate separate actions *sua sponte*.").

Therefore, because these two protests are directly related and involve largely the same operative facts and claims, the Court hereby **CONSOLIDATES** the instant protest with *G2 Ops, Inc.* (25-1955). All future filings shall be made in the lead protest, *G2 Ops, Inc.* (25-1955). Finally, per the Court's scheduling order in *G2 Ops, Inc.* (25-1955), oral argument for both protests will be held **January 8, 2025, at 10:00 AM**. *See* ECF No. 22, *G2 Ops, Inc.*, No. 25-1955.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
Zachary N. Somers
Judge